**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JAVIER TRUJILLO et al., | Case No. 2:13-cv-00293-APG-PAL |
| Plaintiff, | |
| v. | **ORDER REMANDING CASE TO THE EIGHTH JUDICIAL DISTRICT, CLARK COUNTY, NEVADA** |
| KARL SCIRBONA, ARON INGALLS, JORDANA CHRISTOFF, and THE UNITED STATES OF AMERICA, | |
| Defendants. | |

On February 22, 2013, defendant United States of America ("United States") filed a Notice of Removal of Action. (Dkt. No. 1)  On March 11, 2013, the United States and the Federal Defendants (Aron Ingalls and Jordana Christoff) filed a motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction. (Dkt. No. 9)  Plaintiffs responded with a notice of non-opposition. (Dkt. No. 15)  The court thus granted the motion to dismiss on May 20, 2013. (Dkt. No. 18)  However, the Minute Order dismissing the claims against those defendants erroneously dismissed the entire case despite the fact that defendant Karl Scirbona ("Scirbona") remained a defendant in the case. (*See id.*)  The court has entered another minute order to correct this error and reopen the case, but does not reinstate any claims against the United States or the Federal Defendants.

On June 3, 2013, Javier Trujillo ("Trujillo") filed a motion to remand, arguing that all of the remaining parties are Nevada residents, and thus the court no longer has subject matter jurisdiction. (Dkt. No. 20, the "Motion")  The United States and Federal Defendants responded

only to state that they take "no position" regarding the Motion. (Dkt. No. 21) Scirbona did not respond.

Two grounds exist for subject matter jurisdiction in federal court: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Diversity jurisdiction requires that all plaintiffs be "citizens of different states" from all defendants (i.e., "complete diversity"), and that the amount in controversy be at least $75,000. 28 U.S.C. § 1332(a), (b). The federal question statute provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Federal question jurisdiction also arises when a federal officer removes a case under the federal officer removal statute (28 U.S.C. § 1442), and asserts a defense that depends on federal law. *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999).

Before the claims against the United States and the Federal Defendants were dismissed, this court had subject matter jurisdiction under the federal officer removal statute. Now, however, subject matter jurisdiction is lacking. Plaintiffs and Scirbona (the sole remaining defendant) are citizens of Nevada, thus precluding diversity jurisdiction. 28 U.S.C. § 1332(a)(1). The court does not have federal question jurisdiction because Plaintiffs' claims assert negligence under Nevada law. *See id.* § 1331.

Accordingly, the court hereby ORDERS this case REMANDED to the Eighth Judicial District Court, Clark County, Nevada.

DATED this 3rd day of July, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE